| Summons  CC461861 | CIVIL DOCKET NO.  2184 CV 02350 | **Trial Court of Massachusetts**  **The Superior Court** |
|---|---|---|
| CASE NAME:  KRISTI A. COZZA  vs.  KEVIN SMITH, JOHN HOLLERBACH, and CITY OF BOSTON | RECEIVED  CITY CLERK'S OFFICE  2021 NOV -4 A 11: 43  BOSTON, MA  Plaintiff(s)  Defendant(s) | Michael Joseph Donovan — Clerk of Courts  Suffolk — County  COURT NAME & ADDRESS:  SUPERIOR CIVIL COURT  SUFFOLK COUNTY COURTHOUSE  THREE PEMBERTON SQ. 12th Floor  BOSTON, MASSACHUSETTS 02108  LAW DEPT '21 NOV 4 PM 4:16 |

THIS SUMMONS IS DIRECTED TO ___City of Boston___ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **Suffolk County Superior** Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

  a) Filing your **signed original** response with the Clerk's Office for Civil Business, **Suffolk County Superior Court 3 Pemberton Sq. Boston, MA 02108** (address), by mail or in person **AND**

  b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
  **Law offices of Howard Kahalas, 6 Beacon St. Ste 1070 Boston, MA 02108**

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

FORWARDED BY THE
CITY CLERK TO THE
NOV - 4 2021
LAW DEPARTMENT

A true copy Attest:
11-1-21
Deputy Sheriff Suffolk County

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. __Heidi E. Brieger__ , Chief Justice on _____ , 20___ . (Seal)

Clerk-Magistrate _/s/ Michael Joseph Donovan/_
Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____     Signature: _____

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

rev. 1/2019

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                    SUFFOLK SUPERIOR COURT
                                               CIVIL ACTION NO.

KRISTI A. COZZA                    )
    Plaintiff                      )
                                   )
                                   )           COMPLAINT AND
vs.                                )           DEMAND FOR JURY TRIAL
                                   )
KEVIN SMITH,                       )
JOHN HOLLERBACH                    )
CITY OF BOSTON                     )
    Defendants                     )
                                   )

## INTRODUCTION

1. This is an action in civil rights for the false arrest with excessive force and the malicious prosecution of the plaintiff. Kevin Smith, a Boston Police Officer, berated the plaintiff menacingly, then grabbed the plaintiff with excessive force and placed her under arrest on charges for which he lacked probable cause. John Hollerbach, also a Boston Police Officer, stood by and took no action to protect the Plaintiff from Officer Smith's abuse. Officer Smith brought baseless charges against the plaintiff for disorderly conduct, refusing to produce a license and registration, failure to stop, and safety glass violation. The criminal charges were dismissed prior to arraignment and the plaintiff was found not responsible on the civil charges.

2. Plaintiff seeks compensation from the officers for inflicting personal injuries in violation of her civil rights, and from the City of Boston. The plaintiff submits the City's failure to properly train, supervise and discipline its officers in the use of force was the moving force in causation of the officers' unlawful conduct.

## JURISDICTION

3. The Plaintiff brings this action pursuant to Massachusetts State Civil Rights Statute, common law of tort and, under 42 U.S.C. § 1983 for violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## PARTIES

4. At all times relevant hereto, the Plaintiff, Kristi A. Cozza, is an individual residing at 41 Governors Avenue, Medford, County of Middlesex, Commonwealth of Massachusetts.

5. At all times relevant hereto, the Defendant, City of Boston (hereinafter "City"), was a duly chartered municipal corporation of the Commonwealth of Massachusetts with a usual place of business at 1 City Hall Square, Boston, County of Suffolk, Commonwealth of Massachusetts.

6. At all times relevant hereto, the Defendant, Kevin Smith (hereinafter "Smith"), was a duly appointed and sworn Boston Police Officer employed by the City.

7. Smith is sued in his personal capacity for conduct done under color of law in the course of his employment as a sworn police officer of the City.

8. At all times relevant hereto, the Defendant, John Hollerbach (hereinafter "Hollerbach), was a duly appointed and sworn Boston Police Officer employed by the City of Boston.

9. Hollerbach is sued in his personal capacity for conduct done under color of law in the course of his employment as a sworn police officer of the City.

10. At all times relevant hereto, Smith and Hollerbach were employed by the City as police officers.

11. At all times relevant hereto, Smith and Hollerbach acted under color of law, statute, ordinance, regulation, and custom of the United States of America and the Commonwealth of Massachusetts.

## FACTS

12. Each preceding paragraph is incorporated in this section as if fully set forth herein.

13. On or about January 20, 2019, the Plaintiff was at Paddy O's, 33 Union Street, Boston, visiting the general manager who was a friend of hers.

14. The Plaintiff had not consumed any alcohol or drugs prior to or while at Paddy O's.

15. While waiting in line to use the restroom at Paddy O's, the Plaintiff was struck on the nose with a beer bottle by two intoxicated females causing her to suffer a small laceration.

16. As a result of this strike, the Plaintiff requested the manager of the establishment to call the police so she could press charges on the person(s) who struck her with the bottle.

17. Several officers, one of them being Smith, responded to Paddy O's to handle the complaint.

18. After being interviewed by the police, the Plaintiff was allowed to leave.

19. The Plaintiff left Paddy O's and began to drive home.

20. While driving, the Plaintiff, using a hands-free device, called a friend, Christopher Guerra.

21. Shortly after beginning her phone call, Smith pulled behind the Plaintiff and signaled the Plaintiff to pull over in the area of North Street and Blackstone Street.

22. The Plaintiff immediately pulled over and remained on her call.

23. Smith approached the Plaintiff's vehicle and requested her license and registration which Plaintiff readily produced.

24. Hollerbach, operating a second cruiser, pulled in behind Smith's cruiser.

25. The Plaintiff recognized Smith as one of the officers that was present to investigate the incident at Paddy O's.

26. Smith informed the Plaintiff that she was being cited for a snow obstruction on her vehicle.

27. After the explanation, Smith walked back to his cruiser. The Plaintiff exited her vehicle with a snow brush and began to remove the obstruction from her window. Once completed she returned to the inside of her vehicle.

28. Smith once again approached the Plaintiff's vehicle and ordered her to get out of the vehicle.

29. The Plaintiff informed Smith that she was uncomfortable getting out of her vehicle and that there was no purpose for it as she had already been given her citation.

30. Without any further discussion or any warning, Smith forcibly removed the Plaintiff from her vehicle.

31. In the course of removing the Plaintiff from her vehicle, Smith grabbed the Plaintiff around her throat and forced her onto the roadway.

32. While being forcefully removed, the Plaintiff began to yell at Smith, told him to stop, stated that he was hurting her and stated that what he was doing was illegal.

33. Throughout this interaction, the Plaintiff was still on the call with Christopher Guerra who was able to hear the entire interaction between Smith and the Plaintiff.

34. Smith proceeded to put his knee on the Plaintiff's back and then pulled her arm behind her back.

35. In this position the Plaintiff's face was in the snow on the road.

36. The Plaintiff looked up at Smith, at which point Smith punched the Plaintiff in her face with a closed fist.

37. Throughout this interaction, Hollerbach stood by and took no action to stop Smith's use of excessive force.

38. Bleeding profusely and in intense pain and shock, the Plaintiff was placed into handcuffs and placed into a police cruiser by Smith.

39. The Plaintiff arrived at the police station where she was brought to the holding area.

40. A female officer was assigned to the Plaintiff to help her clean up as her injury had caused her clothing to become saturated in her own blood. Eventually EMTs arrived to render medical attention.

41. Shortly after the arrival of the EMTs, the Plaintiff was allowed to leave the police station.

42. The Plaintiff went home and then called her father to take her to the hospital.

43. At the hospital the plaintiff was confirmed to have suffered a "bilateral nasal and nasal septal bone fracture from an assault." She subsequently underwent surgery to repair the fractures in her nasal area.

44. In addition to the physical suffering, the Plaintiff has also been emotionally traumatized by this incident and continues to suffer from anxiety and stress. This emotional trauma has caused the Plaintiff to seek out mental health treatment to overcome these increased abnormal levels of stress and anxiety.

45. As a direct and proximate result of the foregoing, the Plaintiff suffered serious physical injuries, pain and suffering, medical and hospital expenses and severe emotional distress.

46. After being discharged from the hospital, the Plaintiff returned to the police station to retrieve her license which Smith had taken at the time of her arrest. The officer on duty was unable to locate the license.

47. The Plaintiff then spoke with a duty sergeant who told her that Smith claimed in his report that her nose had been injured by a beer bottle at Paddy O's. The Plaintiff then explained to the sergeant that she had photos before the Paddy O's incident, immediately after, and then again after she had been arrested clearly showing that the Defendant's claims were incorrect.

48. After speaking with the sergeant, the Plaintiff recognized an officer, believed to be Officer Graves (hereinafter "Graves"), that was also present at Paddy O's. Graves acknowledged that the Plaintiff's injuries were not sustained at Paddy O's.

49. Graves then spoke with the duty sergeant. The duty sergeant stated that due to the inconsistencies that he was seeing, he felt an internal affairs investigation was necessary.

50. An internal affairs investigation was conducted. Although the Plaintiff fully cooperated, she was not informed of the outcome.

51. On information and belief, on January 20, 2019, complaints of "Court", "Conduct Unbecoming", "Force" and "Force" were filed against Smith. The complaints of "court" and "force" were sustained. The investigation did not sustain the allegation of "conduct unbecoming". Despite the substantiation of the Plaintiff allegations, Officer Smith did not receive any sanctions.

52. On information and belief, on June 27, 2018, a complaint of "reporting for duty" was filed against Smith. This complaint was sustained and Smith was suspended.

53. On information and belief, on August 16, 2018, a complaint of "reporting for duty" was filed against Smith. This complaint was sustained and Smith was suspended.

54. On information and belief, on November 24, 2018, complaints of "Neg.Duty/Unreasonable Judge", "Untruthfulness" and "Untruthfulness" were filed against Smith. These complaints were sustained however, Smith did not receive any sanctions.

55. On information and belief, on September 23, 2019, a complaint of "Directives/Orders" was filed against Smith. This complaint was sustained and Smith received an oral reprimand.

56. Smith charged the Plaintiff with disorderly conduct, refusal to produce a license and registration, failure to stop and safety glass violation.

57. The two criminal charges were dismissed prior to arraignment and not responsible was entered on the two civil offenses.

58. There was no legal justification for the arrest or for the force used on the Plaintiff

59. No reasonable officer would have dragged a non-combative person from her vehicle; punched her; placed her face in a snow-covered road; kneeled on her back; and then forced her arms behind her back. Such conduct served no lawful purpose.

60. No reasonable officer would have stood by and watched as a fellow officer dragged a non-combative person from her vehicle; punched her; placed her face in a snow-covered road; kneeled on her back; and then forced her arms behind her back. Failure to stop such abusive conduct served no lawful purpose.

61. To justify his actions, Smith wrote a report containing numerous deliberate falsehoods including:

   a) Falsely alleging that the Plaintiff failed to stop for a red light;

   b) Falsely alleging that the Plaintiff would not roll down her window;

   c) Falsely alleging that the Plaintiff refused to return to her vehicle;

   d) Falsely alleging that the Plaintiff made a scene by arguing with Smith and refusing to get back in her car; and

   e) Falsely alleging that the Plaintiff refused to be handcuffed.

62. Smith made these false allegations knowingly and intentionally to justify the arrest of the Plaintiff.

63. Smith made these false allegations to cover up his intentional assault and battery on the Plaintiff and justify the injuries she incurred.

64. The Plaintiff was taken to the Boston police station, booked on false charges and then released from custody.

65. At the time of this incident, the City had a policy or custom of indifference to misconduct by police officers by failing to properly investigate complaints of misconduct and to discipline officers who used unreasonable force.

66. The City had a policy or custom and practice of tolerating "code of silence" in which Boston police officers understood that they were not to report misconduct by fellow police officers.

67. The Boston Police Department developed a custom of making it difficult for citizens to learn the results of complaints filed against the police.

68. The Boston Police Department failed to monitor officers' use of force by ensuring that officers filed reports whenever someone taken into custody had a visible injury.

69. These reports are required by law and by the City's police department policies.

70. Boston police officers routinely submit false or incomplete forms that do not report arrestee' injuries or the actual circumstances that led to the use of force.

71. The City condoned this widespread violation of Massachusetts law as well as Boston Police Department's own internal policies.

72. Because officers knew that they could get away with not reporting the actual force they used or the injuries they caused or the circumstances in which they occurred, officers felt free to use excessive force that caused injuries.

73. These policies and customs of the City led Smith, Hollerbach as well as other Boston police officers, to believe they could violate citizen's constitutional rights by using unreasonable force, making arrests without probable cause, filing false police reports and even testifying falsely in court hearings without sanction by the police department.

74. These policies and customs were the moving force behind Smith and Hollerbach's violations of the Plaintiff's civil rights.

## COUNT I
## 42 U.S.C. § 1983
## Kristi A. Cozza v. Kevin Smith

75. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

76. Smith, while acting under color of law, used unreasonable force against the Plaintiff, and thereby violated her clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of unreasonable force by police officers.

77. Smith acted with reckless disregard for Plaintiff's constitutional rights.

78. As a direct and proximate result of the foregoing, the Plaintiff suffered the injuries described herein.

WHEREFORE, the Plaintiff, demands judgment against Kevin Smith for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT II
## 42 U.S.C. § 1983
### Kristi A. Cozza v. John Hollerback

79. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

80. Hollerbach, while acting under color of law, stood by and allowed Smith to use unreasonable force against the Plaintiff, and thereby violated her clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of unreasonable force by police officers.

81. Hollerbach acted with reckless disregard for the Plaintiff's constitutional rights.

82. As a direct and proximate result of the foregoing, Plaintiff suffered the injuries described herein.

WHEREFORE, the Plaintiff, demands judgment against John Hollerbach for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT III
## 42 U.S.C. § 1983
### Kristi A. Cozza v. Boston Police Department

83. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

84. The policies and training of the Boston Police Department were the moving force behind the violation of the Plaintiff's constitutional rights by the Defendants Smith and Hollerbach.

85. The policies and customs of the Boston Police Department and their failure to supervise and discipline was the moving force behind the violations of the Plaintiff's constitutional rights.

86. As a direct and proximate result of the foregoing, Plaintiff suffered the injuries described herein.

**WHEREFORE, the Plaintiff, demands judgment against the City of Boston for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.**

## COUNT IV
## Assault and Battery
## Kristi A. Cozza v. Kevin Smith

87. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

88. Smith committed the tort of assault and battery against the Plaintiff by assaulting and battering her without legal justification, cause, excuse, or privilege.

**WHEREFORE, the Plaintiff, demands judgment against Kevin Smith for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.**

## COUNT V
## False Arrest
## Kristi A. Cozza v. Kevin Smith and John Hollerbach

89. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

90. Smith and Hollerbach arrested the Plaintiff without probable cause.

91. As a direct and proximate result thereof, Plaintiff suffered the injuries as described herein.

**WHEREFORE, the Plaintiff, demands judgment against Kevin Smith and John Hollerbach for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.**

### COUNT VI
### Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I
### Kristi A. Cozza v. Kevin Smith and John Hollerbach

92. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

93. By means of use of threats, intimidation and coercion, defendants Smith and Hollerbach violated the civil rights of the Plaintiff under the laws of the Commonwealth of Massachusetts.

94. As a direct and proximate result thereof, the Plaintiff suffered the injuries as described herein.

**WHEREFORE, the Plaintiff, demands judgment against Kevin Smith and John Hollerbach for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.**

### COUNT VII
### Intentional Infliction of Emotional Distress
### Kristi A. Cozza v. Kevin Smith and John Hollerbach

95. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

96. By their actions, Defendants Smith and Hollerbach subjected the Plaintiff to reprehensible conduct beneath any standard of human decency knowingly, intentionally, willfully, purposely, maliciously and with such reckless disregard of the consequences as to display a conscious indifference to, and an intention to inflict, harm and injury.

97. The conduct of defendants constituted intentional infliction of emotional distress.

98. As a direct result of the intentional conduct of the defendants, the Plaintiff suffered severe emotional distress and great pain of body and mind.

**WHEREFORE, the Plaintiff, demands judgment against Kevin Smith and John Hollerbach for all compensatory damages recoverable; all punitive damages recoverable;**

106. Smith was negligent in pulling the Plaintiff from her car, putting her face down on the snow-covered road and punching her in the face and then handcuffing her behind her back.

107. Smith negligently used excessive force on the Plaintiff.

108. Hollerbach negligently failed to stop Smith's use of excessive force on the Plaintiff.

109. The City was negligent in failing to properly and adequately:

    a. supervise Smith and Hollerbach,

    b. instruct and train Smith and Hollerbach in the use of force, and

    c. properly disciplining its police officers thereby permitting and encouraging acts of misconduct against civilians.

110. As a direct and proximate result of Smith and Hollerbach's conduct, the Plaintiff was grievously injured, suffered great pain of body and mind, suffered a loss of earning capacity, suffered severe mental and emotional distress, incurred expenses for medical services and other costs and will continue to suffer such harm and to incur such expenses.

111. On November 25, 2019, in accordance with M.G.L. c. 258 § 4, the Plaintiff notified the City of the incident described above. The Plaintiff did not receive a denial of the claim in writing within six months following the date upon which it was presented to the City.

**WHEREFORE, the Plaintiff demands judgment against the City for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.**

## DEMANDS FOR RELIEF

Plaintiff hereby respectfully requests the following relief:

1. All compensatory damages recoverable;

2. Injunctive relief;

3. All punitive damages recoverable;

4. All attorney's fees, costs and expenses allowable;

5. Any and all other relief as the Court deems just and proper.

**PLAINTIFFS DEMANDS A JURY TRIAL AS TO ALL COUNTS IN THE COMPLAINT**

Respectfully submitted by Plaintiff,
Kristi A. Cozza
By Her Attorney,

*/s/ Richard M. Welsh*

Richard M. Welsh, Esq., BBO# 552732
LAW OFFICE OF HOWARD M. KAHALAS
6 Beacon Street, Suite 1020
Boston, Massachusetts 02108
(617) 523-1155
rwelsh@kahalaslaw.com

Dated: September 23, 2021

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2184 CV02350 | Trial Court of Massachusetts The Superior Court | |
|---|---|---|---|
| PLAINTIFF(S): Kristi A. Cozza | | COUNTY Suffolk | |
| ADDRESS: 41 Governors Avenue | | | |
| Medford, MA 02155 | DEFENDANT(S): | Kevin Smith, John Hollerbach and City of Boston | |
| ATTORNEY: Richard M. Welsh, Jr. | | | |
| ADDRESS: Law Offices of Howard M. Kahalas | | ADDRESS: 1 City Hall Square | |
| 6 Beacon Street | | Boston, MA 02201 | |
| Boston, MA 02108 | | | |
| BBO: 552732 | | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB1 | Civil Rights Violation - Excessive Force | A | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is this a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................... $0.00
2. Total doctor expenses ................................................................................................. $10,000.00
3. Total chiropractic expenses ........................................................................................ $0.00
4. Total physical therapy expenses ................................................................................. $0.00
5. Total other expenses (describe below) ....................................................................... $0.00

Subtotal (A): $10,000.00

Medication and MRI/CAT Scan

B. Documented lost wages and compensation to date .................................................... $5,000.00
C. Documented property damages to date ..................................................................... $0.00
D. Reasonably anticipated future medical and hospital expenses ................................... $0.00
E. Reasonably anticipated lost wages ............................................................................ $0.00
F. Other documented items of damages (describe below) ............................................. $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Blunt force trauma to facial area, emotional distress

TOTAL (A-F): $15,000.00

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X /s/   Date: Oct 7, 2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X /s/   Date: Oct 7, 2021

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2184CV02350 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Cozza, Kristi A vs. City of Boston et al | | Michael Joseph Donovan, Clerk of Court |
| TO: Richard Matthew Welsh, Jr., Esq.<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108 | | COURT NAME & ADDRESS<br>Suffolk County Superior Court - Civil<br>Suffolk County Courthouse, 12th Floor<br>Three Pemberton Square<br>Boston, MA 02108 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                                                 **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 01/12/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 02/11/2022 | |
| All motions under MRCP 12, 19, and 20 | 02/11/2022 | 03/14/2022 | 04/12/2022 |
| All motions under MRCP 15 | 12/08/2022 | 01/09/2023 | 01/09/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 10/04/2023 | | |
| All motions under MRCP 56 | 11/03/2023 | 12/04/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/01/2024 |
| Case shall be resolved and judgment shall issue by | | | 10/14/2024 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 10/14/2021 | Philip Drapos | (617)788-8144 |

Date/Time Printed: 10-14-2021 16:03:28                                                                                                      SCV026\ 08/2018